UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>  v.<br><br>LINDA NGUYEN,<br><br>   Defendant. | Case No. 19-cr-00045-PJH-1<br><br>**ORDER DEFERRING CONSIDERATION OF MOTION FOR COMPASSIONATE RELEASE AND DENYING REQUEST TO EXTEND REPORT DATE**<br><br>Re: Dkt. No. 107 |

  Before the court is defendant Linda Nguyen's represented motion for compassionate release or to extend her report date.

  On July 17, 2019, defendant pled guilty to one count of conspiracy to commit mail fraud. See Dkt. 22. On July 1, 2020, the court sentenced her to 24 months imprisonment, well below the Guideline range of 51 to 63 months and the government's requested 51-month sentence. See Dkt. 68, 75. On July 10, 2020, defendant filed a notice of appeal regarding her sentence. Dkt. 77. Defendant's appeal is still pending.

  Pursuant to defendant's requested for an extended surrender date because of the pandemic, defendant was originally scheduled to surrender to the Bureau of Prisons on January 4, 2021. Dkt. 75 at 2. On November 24, 2020, defendant filed her first request to defer her January reporting date to April 5, 2021. The request was granted. Dkt. 93. On March 16, 2021, defendant filed a second request to further defer her reporting date, to June 7, 2021, which was also granted. Dkt. 101.

  Defendant now seeks compassionate release, and in the alternative, seeks an additional two-month extension of her reporting date.

First, as to the compassionate release motion itself, the court notes that defendant has already appealed her sentence, and that appeal is still currently pending before the Ninth Circuit.

Federal Rule of Criminal Procedure 37(a) expressly covers situations such as these, where a party moves for "relief that the court lacks authority to grant because of an appeal that has been docketed and is pending." In such situations, the court may either defer considering the motion, deny the motion, or state that it would grant the motion if the case were to be remanded or that the motion raises a substantial issue.

In this case, the court defers consideration of defendant's motion. Not only is defendant's appeal still pending but given that defendant has not yet been taken into custody, it is unclear whether a motion for compassionate release is ripe. The court is unaware of any Ninth Circuit authority answering this question. More significantly, the consideration of a motion for compassionate release is a highly fact-specific inquiry requiring the court to consider, among other things, the defendant's personal circumstances and the conditions of the facility at the time the motion is made. According to the briefs, both of these considerations have continued to change. It would be premature for the court to issue an indicative ruling on the merits now, rather than considering the facts at a later time when the court can fully rule on the issues presented by the motion.

Accordingly, the court DEFERS consideration of defendant's motion for compassionate release (Dkt. 107). Further, given that the court has already twice extended defendant's reporting date, and it is approaching one year since she was sentenced, the request for a third extension is DENIED. Defendant must report to custody by the current deadline of June 7, 2021. The motion will be ADMINISRATIVELY TERMINATED pending conclusion of the appeal, following which it may simply be re-noticed or revised and re-filed.

Defendant's administrative motion to seal exhibits A-E of the Wolf declaration (Dkt. 108) is GRANTED. Defendant's motion to remove and strike the incorrectly-filed exhibit J

2

(Dkt. 109) is also GRANTED.

**IT IS SO ORDERED.**

Dated: May 21, 2021

          /s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge